NOTICE
Decision filed 08/21/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 200324-U

NO. 5-20-0324

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 13-CF-1374 |
| | ) | |
| TRAVION C. WELLS, | ) | Honorable |
| | ) | John J. O'Gara, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice Vaughan and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1     *Held*: We reverse the judgment of the trial court dismissing the defendant's amended postconviction petition where postconviction counsel rendered unreasonable assistance of counsel in amending the defendant's postconviction petition.

¶ 2     On October 6, 2017, the defendant, Travion C. Wells, filed a *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). The defendant's *pro se* petition advanced to the second stage and counsel was appointed to represent the defendant on February 9, 2018. Postconviction counsel filed an amended postconviction petition (amended petition) on April 28, 2020, and the State filed a motion to dismiss the amended petition on July 24, 2020. On September 8, 2020, the trial court granted the State's motion and dismissed the defendant's amended petition at the second stage of the postconviction proceedings.

1

¶ 3     The defendant appeals the judgment of the trial court dismissing his amended petition arguing that postconviction counsel rendered unreasonable assistance of counsel by filing a facially invalid certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), and by failing to shape the defendant's claims into appropriate legal form. The defendant also asks this court to vacate two of his prior convictions for aggravated unlawful use of a weapon (AUUW), where the statute has been found facially unconstitutional. For the following reasons, we reverse the judgment of the trial court of St. Clair County dismissing the defendant's amended petition, and take no action with regard to the defendant's two prior AUUW convictions.

¶ 4                                        I. BACKGROUND

¶ 5     On September 20, 2013, the defendant was charged with one count of armed violence in violation of section 33A-2(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/33A-2(a) (West 2010)) and one count of aggravated battery/discharge of a firearm in violation of section 12-3.05(e)(1) of the Code (*id.* § 12-3.05(e)(1)). The matter proceeded through discovery and on February 18, 2015, the defendant filed motions *in limine*. The defendant's motions *in limine* requested, *inter alia*, that the State be precluded from eliciting or mentioning the defendant's two prior AUUW convictions due to the statute, which created the offense, being held facially unconstitutional in *People v. Aguilar*, 2013 IL 112116. On July 1, 2015, the trial court entered a written order stating that the parties had agreed that the State may not attempt to impeach the defendant with his prior AUUW convictions.

¶ 6     Instead of proceeding to trial, the defendant pleaded guilty on August 6, 2015, to the charge of aggravated battery/discharge of a firearm under an agreement that the State would dismiss the charge of armed violence at sentencing. The trial court accepted the defendant's plea and found the defendant guilty of aggravated battery/discharge of a firearm. The defendant was

2

sentenced on December 21, 2015. At sentencing, the State dismissed the armed violence charge, and the trial court sentenced the defendant to 12 years' incarceration within the Illinois Department of Corrections for the aggravated battery/discharge of a firearm conviction. On January 11, 2016, the defendant filed a motion to withdraw his guilty plea and vacate his sentence. The trial court denied the defendant's motion on April 27, 2016, and the defendant did not file a direct appeal.

¶ 7 On October 6, 2017, the defendant filed a *pro se* postconviction petition for relief pursuant to the Act (725 ILCS 5/122-1 *et seq.* (West 2016)). The defendant's *pro se* petition advanced to the second stage and counsel was appointed to represent the defendant on February 9, 2018. On July 18, 2019, the trial court determined that new postconviction counsel should be appointed and appointed new postconviction counsel; however, new counsel filed a motion to withdraw on August 29, 2019. The trial court granted counsel's motion to withdraw on September 12, 2019, and appointed the defendant his third postconviction counsel.

¶ 8 On April 28, 2020, postconviction counsel filed an amended petition on behalf of the defendant. In the interest of brevity, we will set forth the relevant portions of the amended petition in our analysis below. Postconviction counsel also filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) on May 7, 2020. On July 24, 2020, the State filed a motion to dismiss the defendant's amended petition.

¶ 9 The trial court entered a written order granting the State's motion to dismiss on September 8, 2020. The trial court stated that it had reviewed all transcripts available, all pleadings and orders, and the entire file, including the amended petition and the State's answer. The written order also stated that, by agreement of the parties, the trial court took judicial notice of People v. Wells, No. 14-CF-858 (Cir. Ct. St. Clair County).[1] The trial court found that the record clearly refuted the

---

[1]The defendant was charged with first degree murder in case No. 14-CF-858. The matter was proceeding at the same time as the case at bar and the defendant was represented by the same defense

3

defendant's claims that he suffered a substantial denial of his constitutional rights. As such, the trial court granted the State's motion and dismissed the defendant's amended petition.

¶ 10    The defendant now appeals the judgment of the trial court arguing that postconviction counsel rendered unreasonable assistance of counsel by filing a facially invalid certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), and by failing to shape the defendant's claims into appropriate legal form. The defendant also requests that this court vacate his two prior convictions for AUUW, where the statute has been found facially unconstitutional.

¶ 11                                    II. ANALYSIS

¶ 12    We will first address the defendant's request that this court vacate his two prior convictions for AUUW. The defendant was convicted of AUUW in People v. Wells, No. 2010-CF-531 (Cir. Ct. St. Clair County), and People v. Wells, No. 2010-CF-938 (Cir. Ct. St. Clair County). According to the parties' briefs, both convictions were pursuant to section 24-1.6(a)(1), (a)(3)(A) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)). In *People v. Aguilar*, 2013 IL 112116, our supreme court found section 24-1.6(a)(1), (a)(3)(A), (d) of the statute to be facially unconstitutional because it operated as a ban on the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution. *Id.* ¶ 22. "To hold that a statute is facially unconstitutional means that the conduct it proscribed was beyond the power of the state to punish." *In re N.G.*, 2018 IL 121939, ¶ 36. A judgment based on a statute that is facially unconstitutional is void. *People v. Price*, 2016 IL 118613, ¶ 31. The voidness of a conviction based on a facially

counsel in both cases. According to an order entered by the trial court on September 8, 2020, the defendant pleaded guilty to a newly filed attempted armed robbery charge in exchange for the dismissal of the murder charge on August 8, 2016.

4

unconstitutional statute may be addressed either on direct review of the conviction or in a collateral proceeding. *In re N.G.*, 2018 IL 121939, ¶ 52.

¶ 13    The State argues that this court does not have jurisdiction to vacate the defendant's prior convictions since the void convictions were not integral to the judgment from which the defendant is appealing. We disagree. Our supreme court stated in *In re N.G.*, 2018 IL 121939, as follows:

> "Simply put, under Illinois law, there is no fixed procedural mechanism or forum, nor is there any temporal limitation governing when a void *ab initio* challenge may be asserted. [Citation.] Under our precedent, it is sufficient if a person subject to a conviction premised on a facially invalid statute raises his or her challenge through an appropriate pleading in a court possessing jurisdiction over the parties and the case. [Citation.] Indeed, if the constitutional infirmity is put in issue during a proceeding that is pending before a court, the court has an independent duty to vacate the void judgment and may do so *sua sponte*." *Id.* ¶ 57.

Accordingly, a void *ab initio* conviction may be attacked at any time in a court having jurisdiction over the parties and the case. We further note that such challenges are not subject to forfeiture or any other ordinary procedural bar. *Id.* In this appeal, this court has jurisdiction over the parties and the case pursuant to Illinois Supreme Court Rule 651(a) (eff. July 1, 2017), and the defendant has raised his challenge through an appropriate pleading. Therefore, we find that we have jurisdiction and an independent duty to consider the defendant's void *ab initio* challenge.

¶ 14    No elaborate fact-finding or hearing is needed to establish that a prior conviction is invalid because it was based on a facially unconstitutional statute since the statutory basis for the conviction can be readily asserted by the review of the official court records. *Id.* ¶ 58. In this case, however, the defendant did not provide any official court records to demonstrate that his prior

AUUW convictions were pursuant to section 24-1.6(a)(1), (a)(3)(A) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)). The defendant's brief cites to various motions filed in this court and in the trial court; however, we note that the defendant's motion *in limine* stated that the defendant's conviction in case number 10-CF-938 was pursuant to section "720 ILCS 5/24-1.6(a)(1)" and provides no subsection for the conviction. See *People v. Mosley*, 2015 IL 115872, ¶ 31 (subsections (a)(3)(C) and (a)(3)(I) severable from subsection (a)(3)(A)). The presentencing report also lists the two AUUW convictions, but again, it does not provide the statutory basis of those convictions.

¶ 15    None of the cited motions attach the judgments from the prior convictions, nor did the defendant supplement the record on appeal with the prior judgments. As such, this court has no official records to confirm that the defendant's convictions were based on section 24-1.6(a)(1), (a)(3)(A) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)). Thus, we can take no action regarding the defendant's AUUW convictions in People v. Wells, No. 2010-CF-531 (Cir. Ct. St. Clair County), and People v. Wells, No. 2010-CF-938 (Cir. Ct. St. Clair County) since the defendant failed to provide any official court record in support of his claim that his prior AUUW convictions were pursuant to section 24-1.6(a)(1), (a)(3)(A) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)). See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (appellant is not entitled to have the judgment reversed without presenting a record that supports his claim that the trial court erred).

¶ 16    The next issue the defendant raises on appeal is that postconviction counsel rendered unreasonable assistance of counsel by filing a facially invalid certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The defendant also argues that

postconviction counsel rendered unreasonable assistance of counsel by failing to shape the defendant's claims into appropriate legal form.

¶ 17    The Act (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his or her original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding is not an appeal from an underlying judgment, but rather a collateral attack on the judgment. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). As a collateral proceeding, a postconviction proceeding allows inquiry only into constitutional issues that were not and could not have been adjudicated in an appeal of the underlying judgment. *Id.*

¶ 18    The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage, the trial court independently assesses the defendant's petition, and if the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2016); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To survive the first stage, "a petition need only present the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

¶ 19    If a petition is not dismissed at the first stage, it advances to the second stage where an indigent petitioner can obtain appointed counsel and the State can move to dismiss it. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2016); *Edwards*, 197 Ill. 2d at 245-46. At the second stage, the trial court is "foreclosed from engaging in any fact-finding because all well-pleaded facts not rebutted by the record are to be taken as true." *People v. Phyfiher*, 361 Ill. App. 3d 881, 884 (2005). At the second stage, if the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2016); *Edwards*, 197 Ill. 2d at 246.

7

¶ 20    In this matter, the trial court granted the State's motion to dismiss and dismissed the defendant's second petition at the second stage. We review *de novo* a trial court's dismissal of a postconviction petition at the second stage. *People v. Velasco*, 2018 IL App (1st) 161683, ¶ 91.

¶ 21    As stated above, counsel may be appointed at the second stage where a defendant is indigent (725 ILCS 5/122-4 (West 2016)), and the right to counsel in postconviction proceedings is derived from statute rather than the Constitution. *People v. Owens*, 139 Ill. 2d 351, 364 (1990). Thus, postconviction petitioners have no constitutional right to counsel, effective or otherwise, and are guaranteed only the level of assistance which the statute provides. *People v. Custer*, 2019 IL 123339, ¶ 30. That level of assistance has been defined by our supreme court to mean a "reasonable" level of assistance, and a "reasonable" standard is significantly lower than the one mandated at trial by our state and federal constitutions. *Id.* One aspect of "reasonable" assistance is compliance with Illinois Supreme Court 651(c) (eff. July 1, 2017). *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992).

¶ 22    Rule 651(c) imposes three duties on appointed postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Pursuant to the rule, postconviction counsel must show that he or she (1) consulted with the petitioner to ascertain his or her contentions of constitutional deprivations, (2) examined the record of the trial proceedings, and (3) made any amendments to the filed *pro se* petition necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44.

¶ 23    Postconviction counsel may file a certificate indicating that the requirements of Rule 651(c) were complied with. A rebuttable presumption that postconviction counsel provided reasonable assistance exists where the Rule 651(c) certificate has been filed. *People v. Profit*, 2012

8

IL App (1st) 101307, ¶ 19. The defendant bears the burden to overcome this presumption by demonstrating that his or her counsel failed to substantially comply with the requirements of Rule 651(c). *Id.* The record as a whole may also demonstrate that counsel complied with the provisions of Rule 651(c). *People v. Richmond*, 188 Ill. 2d 376, 380 (1999). Substantial compliance with Rule 651(c) is sufficient. See *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008); *People v. Wright*, 149 Ill. 2d 36, 63 (1992).

¶ 24    Where postconviction counsel has failed to fulfill the duties required of Rule 651(c), our supreme court has held that remand is required regardless of whether the claims raised in the petition had merit. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007). We review *de novo* the question of whether postconviction counsel provided a reasonable level of assistance in compliance with Rule 651(c). *Id.* at 41-42.

¶ 25    In the present case, the defendant's postconviction counsel filed a Rule 651(c) certificate on May 7, 2020. The defendant argues, however, that counsel's certificate of compliance does not facially comply with the requirements of Rule 651(c). Substantial compliance has been held to extend to the Rule 651(c) certificate. See *Richardson*, 382 Ill. App. 3d at 257. A certificate that fails to exactly mirror the language of Rule 651(c) may still be found sufficient if it substantially complies with the rule. *People v. Landa*, 2020 IL App (1st) 170851, ¶ 48.

¶ 26    The defendant argues that postconviction counsel was required to specifically state that she had "consulted with [the defendant] to ascertain his contentions of deprivation of constitutional rights" and that postconviction counsel's statement that she met "in person to discuss the petition, drafted an amended petition, and corresponded through the mail regarding changes to the draft," is insufficient to comply with Rule 651(c). In *Richardson*, 382 Ill. App. 3d at 251, the court found that postconviction counsel's statement that he had "consulted with [the defendant] by letters," to

9

reasonably infer that counsel had consulted with the defendant to "ascertain his contention." Also, the court in *Landa*, 2020 IL App (1st) 170851, found that, although postconviction counsel's certificate did not precisely mirror the language of Rule 651(c), it still substantially complied where the certificate stated that postconviction counsel " 'has communicated with the Petitioner by mail [and] telephonically.' " *Id.* ¶¶ 31, 49.

¶ 27    Here, we can reasonably infer by postconviction counsel's statement that she met with the defendant "in person to discuss the petition, draft an amended petition," to indicate that she did so in order to ascertain the defendant's contentions of constitutional deprivations. As such, we find that this portion of the certificate substantially complies with Rule 651(c).

¶ 28    Next, the defendant argues that postconviction counsel's statement that she had "examined the court record, including the transcripts," was insufficient since she failed to specify which court record or transcripts were examined since the defendant's claims involve two different cases. Rule 651(c) contains no requirement that postconviction counsel list the specific transcripts or report of proceeding reviewed and the defendant fails to cite to any precedent that requires postconviction counsel to list all records examined. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). In fact, in *People v. Williams*, 2022 IL App (1st) 191915-U, ¶ 27, the court noted that, "The lawyer who steps out on that limb and purports to list every single item in the record that she reviewed runs the risk of omitting something relevant and thus losing that presumption [of reasonable assistance]." Accordingly, we find that this portion of postconviction counsel's certificate complies with Rule 651(c).

¶ 29    Lastly, the defendant argues that postconviction counsel's Rule 651(c) certificate was insufficient in that postconviction counsel failed to certify that she had "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contention."

Postconviction counsel's certificate stated that "changes were made to [the defendant's] petition per his request," and the defendant argues that there is a substantial difference between amendments requested by a defendant and amendments necessary to shape the claims into proper legal form.

¶ 30    Prior to the statement regarding the changes that the defendant requested, postconviction counsel stated that she had "drafted an amended petition" and had corresponded through mail with the defendant regarding the changes in the amended petition. Again, we find postconviction counsel's statements regarding any necessary amendments adequate to infer that the postconviction counsel amended the *pro se* petition to adequately present the petitioner's contentions, and sufficient to substantially comply with Rule 651(c).

¶ 31    Based on the foregoing, we find that, taken in totality, postconviction counsel's certification substantially complied with Rule 651(c). Therefore, we will start with the rebuttable presumption that postconviction counsel provided reasonable assistance and it is the defendant's burden to overcome this presumption.

¶ 32    The defendant argues that postconviction counsel rendered unreasonable assistance of counsel by failing to adequately allege a claim of ineffective assistance of plea counsel. The defendant states that most of the claims of ineffective assistance of counsel contained in the amended petition were vague and conclusory, and that many of the claims lacked the necessary factual context to explain why they were relevant. The defendant also argues that postconviction counsel failed to include an adequate allegation of prejudice.

¶ 33    "A challenge to a guilty plea alleging ineffective assistance of counsel is subject to the standard set for the in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)." *People v. Hall*, 217 Ill. 2d 334-35 (2005). As such, the defendant bears the burden of

11

making a substantial showing of both unreasonable performance and prejudice to be entitled to an evidentiary hearing. *Id.* at 325; *People v. Tate*, 2012 IL 112214, ¶ 19 (application of the *Strickland* test would be applied at the second stage of proceedings where the defendant must make a substantial showing of a constitutional violation). The failure to assert the essential elements of a claim means that postconviction counsel failed to make the necessary amendment to adequately assert the defendant's claims. See *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 16; *People v. Jennings*, 345 Ill. App. 3d 265, 274 (2003); *People v. Turner*, 187 Ill. 2d 406, 413 (1999).

¶ 34    The defendant's amended petition alleged that plea counsel rendered ineffective assistance of counsel as follows:

"a. Petitioner asserts that the focus of his representation was on 14CF85801 and not 13CF137402;

b. Petitioner was advised on or around four days prior to the trial date that the State was proceeding with 13CF137402 and not 14CF85801, that he should plead guilty, and he did not receive preparation on this matter;

c. He requested that his lawyer to suppress statements and upon information and belief, Petitioner's counsel only did what the State asked her to do and no defense was prepared or presented;

d. Petitioner wanted to request a trial, and immediately informed his attorney after the plea requested that it be vacated, but was unable to do so until after the sentencing hearing;

e. Petitioner did not understand that consequence of pleading guilty would result in the length of sentencing received and believed that other persons in his position received reduced sentence had his attorney effectively represented him;

12

and

f. Petitioner was advised not to speak during the proceeding."

¶ 35 The amended petition went on to provide case law with regard to challenging a guilty plea based on ineffective assistance of counsel. Paragraph 12 of the amended petition stated that "[h]ad Petitioner understood that he was pleading guilty to a charge when the second charge was still pending and the consequences of the guilty plea, there is a reasonable probability that, absent counsel's error, defendant would not have pleaded guilty but would have insisted on going to trial." A copy of the defendant's motion to withdraw guilty plea and vacate sentence filed on January 11, 2016, was attached as an exhibit to the amended petition.

¶ 36 With regard to the allegations that plea counsel failed to suppress statements, there are no facts in the amended petition as to what statements should have been suppressed, the basis for suppression, and what effect those statements would have on the defendant's decision to plea. There are also no facts regarding the allegation that plea counsel failed to provide a defense, such as what plea counsel failed to prepare or argue. Concerning the allegation that the defendant was advised not to speak during the proceedings, the amended petition again does not state what the defendant had wanted to say or how remaining silent negatively affected him.

¶ 37 Further, the claim of prejudice contained in paragraph 12, at most, relates to the allegations that the defendant did not understand the consequences of pleading guilty, the length of sentencing received, and that the State providing only a four-day notice on proceeding with this matter resulted in insufficient time for preparation before pleading guilty. There are no allegations of prejudice on the remaining claims and there is also no general catchall prejudice allegation within the amended complaint. As such, we agree with the defendant that postconviction counsel failed to include adequate allegations of prejudice.

13

¶ 38    The failure to assert the essential element of prejudice alone means that postconviction counsel failed to make the necessary amendment to adequately assert the defendants claims as required by Rule 651(c). As previously stated, where postconviction counsel has failed to fulfill the duties required of Rule 651(c), our supreme court has held that remand is required regardless of whether the claims raised in the petition had merit. *Suarez*, 224 Ill. 2d at 47.

¶ 39    Based on the above, we find that the defendant has overcome the presumption that postconviction counsel rendered reasonable assistance of counsel. Therefore, we reverse the trial court's judgment dismissing the defendant's amended petition and remand for new second stage proceedings, after the appointment of new postconviction counsel with leave to amend the defendant's *pro se* petition as needed.

¶ 40                                    III. CONCLUSION

¶ 41    For the foregoing reasons, we take no action regarding the defendant's AUUW convictions in St. Clair County case numbers 2010-CF-531 and 2010-CF-938, and reverse the judgment of the trial court of St. Clair County dismissing the defendant's amended petition for postconviction relief.

¶ 42    Reversed and remanded.