NOTICE
Decision filed 03/02/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 231214-U

NO. 5-23-1214

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 15-CF-207 |
| | ) | |
| KENNETH D. SIMPSON, | ) | Honorable |
| | ) | Mitchell K. Shick, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.[*]

**ORDER**

¶ 1  *Held*:  We reverse in part the judgment of the trial court dismissing the defendant's second amended postconviction petition where postconviction counsel rendered unreasonable assistance of counsel by failing to obtain the affidavit of an alleged witness.

¶ 2  On July 6, 2018, the defendant, Kenneth D. Simpson, filed a *pro se* postconviction petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). The trial court appointed counsel to represent the defendant, and on February 27, 2023, postconviction counsel filed an amended petition on the defendant's behalf. A second amended petition was filed on August 29, 2023, and on November 29, 2023, the trial court dismissed the

_____

[*]Justice Moore fully participated in this case prior to his retirement. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992).

1

defendant's second amended petition finding that the defendant's claims failed to make a substantial showing of a constitutional violation. This appeal followed. On appeal, the defendant raises the sole issue of whether postconviction counsel rendered unreasonable assistance of counsel by failing to shape the defendant's claims into the proper form to avoid dismissal. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4     The defendant was charged by information on May 19, 2015, with three counts of predatory criminal sexual assault of a child in violation of section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-1.40(a)(1) (West 2014)), and two counts of aggravated criminal sexual abuse in violation of section 11-1.60(c)(1)(i) of the Code (*id.* § 11-1.60(c)(1)(i)). Relevant to this appeal, count one of the information alleged that on or about April or May 2015, the defendant, who was 17 years of age or older, committed an act of sexual penetration with K.S., who was under 13 years of age when the act was committed, by placing his finger in the sex organ of K.S. while in a shed.

¶ 5     At trial, K.S. testified that the defendant had touched her on two occasions, both times inside the house, and denied that the defendant had touched her when she went to a shed with the defendant in order to retrieve her bicycle. Robyne Simpson, the defendant's wife, testified that she was outside when K.S. retrieved her bicycle from the shed and that the defendant had unlocked the shed for K.S., but he never went inside the shed with K.S. When asked if there was anyone else at the house on the day of the shed incident, Robyne stated that her son, Aaron, was "there for a while."

¶ 6     Noelle Cope, a nurse practitioner who conducted a pediatric sexual abuse examination of K.S. on May 17, 2015, testified that K.S. was five years old at the time of the examination. Cope

stated that K.S. had informed Cope of an incident that occurred the day prior in a shed where the defendant had inappropriately touched K.S. and also testified to the other incidents that K.S. had related during the interview. Sam Gaines, a lieutenant with the Mattoon Police Department, testified that he had interviewed K.S. on May 19, 2015, and that K.S. also informed Gaines of an incident where the defendant inappropriately touched K.S. in a shed when retrieving her bicycle. The interview had been recorded and was played for the jury.

¶ 7    On October 1, 2015, the jury found the defendant guilty of all counts. The defendant was sentenced on November 20, 2015, to 25 years' incarceration on each of the three predatory criminal sexual assault of a child convictions and to 5 years' incarceration on each of the two convictions of aggravated criminal sexual abuse. The defendant filed a direct appeal.

¶ 8    On direct appeal, the defendant raised the sole issue of whether the trial court erred in admitting other-crimes evidence at trial. *People v. Simpson*, 2018 IL App (4th) 150960-U, ¶ 3. The reviewing court found no error in the trial court's admittance of the other-crime evidence and affirmed the defendant's convictions on March 2, 2018. *Id.* ¶ 1. The reviewing court provided a detailed recounting of the procedural history and background facts leading to the defendant's convictions and sentences (*id.* ¶¶ 5-36). As such, we are limiting this background section to those facts necessary to address the defendant's current appeal.

¶ 9    The defendant filed a *pro se* postconviction petition for relief pursuant to the Act (725 ILCS 5/122-1 *et seq.* (West 2016)), on July 6, 2018. The *pro se* petition alleged that the State knowingly used perjured testimony; that there was prosecutorial misconduct in the State's closing argument; ineffective assistance of trial counsel due to a lack of any pretrial investigation; and actual innocence. The trial court found that the *pro se* petition presented the gist of a constitutional claim and appointed counsel to represent the defendant.

3

¶ 10    On February 27, 2023, postconviction counsel filed an amended petition on the defendant's behalf and an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate. The amended petition alleged that (1) a prospective juror should have been excused for cause; (2) trial counsel rendered ineffective assistance of counsel by (a) not calling the defendant's stepson, Aaron, as a witness at trial and (b) failing to object when K.S. testified to two incidents of being touched by the defendant, yet the defendant was charged with three counts of predatory criminal sexual assault of a child; (3) prosecutorial misconduct had occurred regarding (a) comments made during the State's closing argument, (b) introducing the testimony of a witness where there was sufficient doubt as to the witness's credibility, and (c) not eliciting testimony from a witness that K.S. had changed her version of the events; (4) the length of the defendant's sentence should be reduced since (a) K.S. testified to two acts yet he was sentence on three counts, and (b) the sentence did not conform with the objective of restoring the defendant to useful citizenship; and, (5) newly discovered evidence supported a claim of actual innocence, specifically, a cellular telephone that contained photographs of K.S.'s mother engaging in a sexual activity that K.S. could have seen and thus, been able to describe.

¶ 11    The State filed a motion to dismiss the defendant's amended petition on April 28, 2023. The motion stated, *inter alia*, that none of the defendant's claims were supported by the record or by an affidavit. On May 11, 2023, the affidavit of Robyne Simpson was filed and attested to the sexual photographs found on the cellular telephone. Thereafter, on August 29, 2023, postconviction counsel filed a second amended petition. The second amended petition repeated the above claims, incorporated the affidavit of Robyne Simpson, and added a claim that the defendant received ineffective assistance from his appellate counsel because all of the alleged errors put forth

4

in the defendant's second amended petition, except for the newly discovered evidence, were available to appellate counsel and should have been fully explored in the defendant's direct appeal.

¶ 12   The trial court conducted a hearing on November 29, 2023. At the hearing, the State requested that its motion to dismiss the defendant's amended petition stand as its motion to dismiss the defendant's second amended petition, which the trial court allowed. Defense counsel requested that any arguments set forth in the amended petition, but not repeated in the second amended petition, be adopted, which the trial court also allowed. The trial court heard arguments from the parties and then found as follows:

> "I agree with the State's position regarding all of the arguments in the petitions for post-conviction relief that none of them make a substantial showing of a constitutional violation.
>
> Based upon that, I'm going to grant the State's Motion to Dismiss in its entirety and the post-conviction petitions are dismissed."

¶ 13   The defendant then filed a timely notice of appeal. On appeal, the defendant raised the sole issue of whether postconviction counsel rendered unreasonable assistance of counsel because he failed to shape the constitutional claims into the proper form to avoid dismissal.

¶ 14                                   II. ANALYSIS

¶ 15   The Act (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his or her original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding is not an appeal from an underlying judgment, but rather a collateral attack on the judgment. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). As a collateral proceeding, a postconviction

5

proceeding allows inquiry only into constitutional issues that were not and could not have been adjudicated in an appeal of the underlying judgment. *Id.*

¶ 16 The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage, the trial court independently assesses the defendant's petition and if the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2016); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To survive the first stage, "a petition need only present the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

¶ 17 If a petition is not dismissed at the first stage, it advances to the second stage where an indigent petitioner can obtain appointed counsel, and the State can move to dismiss it. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2016); *Edwards*, 197 Ill. 2d at 245-46. At the second stage, the trial court is "foreclosed from engaging in any fact-finding because all well-pleaded facts not rebutted by the record are to be taken as true ***." *People v. Phyfiher*, 361 Ill. App. 3d 881, 884 (2005). At the second stage, if the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2016); *Edwards*, 197 Ill. 2d at 246.

¶ 18 In this matter, the trial court granted the State's motion and dismissed the defendant's second amended petition at the second stage. We review *de novo* a trial court's dismissal of a postconviction petition at the second stage. *People v. Velasco*, 2018 IL App (1st) 161683, ¶ 91.

¶ 19 As stated above, counsel may be appointed at the second stage where a defendant is indigent (725 ILCS 5/122-4 (West 2016)), and the right to counsel in postconviction proceedings is derived from statute rather than the Constitution. *People v. Owens*, 139 Ill. 2d 351, 364 (1990). Thus, postconviction petitioners have no constitutional right to counsel, effective or otherwise, and

are guaranteed only the level of assistance which the statute provides. *People v. Custer*, 2019 IL 123339, ¶ 30. That level of assistance has been defined by our supreme court to mean a "reasonable" level of assistance, and a "reasonable" standard is significantly lower than the one mandated at trial by our state and federal constitutions. *Id.* One aspect of "reasonable" assistance is compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). See *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992).

¶ 20    Rule 651(c) imposes three duties on postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Pursuant to the rule, postconviction counsel must show that he or she has (1) consulted with the petitioner to ascertain his or her contentions of constitutional deprivations, (2) examined the record of the trial proceedings, and (3) made any amendments to the filed *pro se* petition necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). There are two ways in which appointed counsel may comply with Rule 651(c). Counsel may file a certificate indicating that the requirements of the rule were complied with or the record as a whole may demonstrate that counsel complied with the provisions of Rule 651(c). *People v. Richmond*, 188 Ill. 2d 376, 380 (1999). Substantial compliance with Rule 651(c) is sufficient (*People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008)), and we review *de novo* counsel's compliance with a supreme court rule (*People v. Profit*, 2012 IL App (1st) 101307, ¶ 17).

¶ 21    A rebuttable presumption that postconviction counsel provided reasonable assistance exists where the Rule 651(c) certificate has been filed. *Profit*, 2012 IL App (1st) 101307, ¶ 19. The defendant bears the burden to overcome this presumption by demonstrating that his or her counsel failed to substantially comply with the requirements of Rule 651(c). *Id.* Where postconviction counsel has failed to fulfill the duties required of Rule 651(c), our supreme court has held that

remand is required regardless of whether the claims raised in the petition had merit. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007).

¶ 22 In the present case, the defendant's postconviction counsel filed a Rule 651(c) certificate on April 19, 2023, and an updated Rule 651(c) certificate on September 21, 2023. Thus, there is a rebuttable presumption that postconviction counsel provided reasonable assistance and it is the defendant's burden to overcome this presumption.

¶ 23 The defendant argues that he has rebutted the presumption of substantial compliance with Rule 651(c) because the record demonstrates that postconviction counsel rendered unreasonable assistance by failing to obtain appropriate supporting documentation for the defendant's claims or providing an explanation for why such documentation could not be included. Specifically, the defendant argues that postconviction counsel should have obtained an affidavit from the defendant's stepson, Aaron, or other documentation detailing Aaron's proposed testimony or explaining why an affidavit or other documentation could not be obtained as required by section 122-2 of the Act (725 ILCS 5/122-2 (West 2016)). According to the defendant, an affidavit or other supporting documentation was required to support the defendant's claim that trial counsel was ineffective for failing to call Aaron as a witness at trial since Aaron could have testified to the events which allegedly took place in the shed. The defendant also argues that, at a minimum, an affidavit executed by the defendant addressing allegations from outside the direct appeal record, such as the defendant's discussions with his trial counsel regarding Aaron, should have been obtained and attached to the defendant's petition.

¶ 24 Section 122-2 of the Act requires that a postconviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id*. The purpose of section 122-2 is to demonstrate that the defendant's postconviction

8

allegations are capable of objective or independent corroboration. *People v. Hall*, 217 Ill. 2d 324, 333 (2005).

¶ 25 Here, the trial court dismissed the defendant's second amended petition for failing to make a substantial showing of a constitutional violation. Our supreme court has held, however, that it is error to dismiss a postconviction petition on the pleading where there has been inadequate representation by postconviction counsel even if the petition itself fails to present a substantial constitutional claim. *People v. Jones*, 43 Ill. 2d 160, 162 (1969).

> "It is entirely possible that the trial court would have reached this same conclusion even if counsel had contacted the witnesses named in the petition and attached affidavits in support of the post-conviction claims. We cannot simply presume, however, that the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c). It is the duty of the trial court, and not this court, to determine on the basis of a complete record whether the post-conviction claims require an evidentiary hearing." *People v. Johnson*, 154 Ill. 2d 227, 246 (1993).

¶ 26 Rule 651(c) requires postconviction counsel to make amendments to the filed *pro se* petition necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44. The obtainment of affidavits or other supporting documentation, or a statement on why such affidavits or documents could not be obtained, is necessary to place a *pro se* claim into proper legal form and presentation to the trial court. See 725 ILCS 5/122-2 (West 2016); *Johnson*, 154 Ill. 2d at 247.

Where postconviction counsel does not fulfill his or her duties under Rule 651(c), remand is required regardless of whether the defendant's claims have merit. *Suarez*, 224 Ill. 2d at 47.

¶ 27 Here, postconviction counsel included the defendant's claim of ineffective assistance of trial counsel for failing to call Aaron as a witness at trial in the second amended postconviction petition indicating that postconviction counsel had determined that the claim had merit but failed to obtain an affidavit or other supporting documentation to support the claim. Postconviction counsel also failed to state, either within the amended petition or at any hearing, why such documentation could not be obtained. Therefore, we find that postconviction counsel failed to comply with Rule 651(c).

¶ 28 Accordingly, we find that this matter should be remanded to the trial court so that postconviction counsel may comply with Rule 651(c). On remand, postconviction counsel should be given the opportunity to supplement the second amended postconviction petition with Aaron's and/or the defendant's affidavits if they offer support to the defendant's claim of ineffective assistance of trial counsel for failing to call Aaron as a witness at trial. If an affidavit or other supporting documentation cannot be obtained, or does not provide support for the defendant's claim, postconviction counsel shall state the reason why the same were not obtained and/or attached to the petition. The trial court may then reconsider the State's motion to dismiss on a record which is properly developed concerning the defendant's claim of ineffective assistance of trial counsel for failing to call Aaron as a witness at trial.

¶ 29 On appeal, the defendant only raised the issue of unreasonable assistance of postconviction counsel with regard to the defendant's claim of ineffective assistance of trial counsel for failing to call Aaron as a witness at trial. Therefore, any and all alleged errors concerning the trial court's ruling on the remainder of the defendant's postconviction petition, including any argument that his

10

claims of constitutional deprivation were meritorious, are forfeited. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 10; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***."). We therefore affirm the trial court's holding dismissing the remainder of the defendant's second amended petition for failing to make a substantial showing of a constitutional violation.

¶ 30                                    III. CONCLUSION

¶ 31    We find that postconviction counsel did not fully comply with Rule 651(c) since he failed to obtain supporting documentation, or state why such documentation could not be obtained, in support of the defendant's claim of ineffective assistance of trial counsel. Therefore, we reverse in part that portion of the trial court's dismissal of the defendant's claim of ineffective assistance of trial counsel for failure to call Aaron as a witness at trial and affirm the trial court's dismissal of the remainder of the defendant's claims for failing to make a substantial showing of a constitutional violation.

¶ 32    Affirmed in part and reversed in part.

¶ 33    Cause remanded with directions.