FIRST DIVISION
April 21, 2008

No. 1-05-0955

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 84 C 2387 |
| | ) | |
| ANTHONY RICHARDSON, | ) | The Honorable |
| | ) | Clayton J. Crane, |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE GARCIA delivered the opinion of the court.

The defendant, Anthony Richardson, appeals the trial court's dismissal of his successive postconviction petition. Richardson argues his appointed postconviction counsel provided unreasonable assistance by failing to amend his petition to include allegations he was brutalized by Detective Robert Dwyer and other detectives working under the command of Jon Burge at Area 2 Violent Crimes, and he was denied the effective assistance of counsel on direct appeal. Richardson also contends appointed counsel failed to satisfy the requirements of Illinois Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)).

On August 13, 2007, this court entered an order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23) in which we affirmed the judgment of the trial court. Richardson subsequently filed

a petition for rehearing pursuant to Supreme Court Rule 367 (210 Ill. 2d R. 367).  We asked the State to respond, and Richardson replied.  We granted the petition for rehearing and granted oral argument.  After reconsidering the matter in light of the arguments on rehearing, we again affirm the judgment of the trial court.

BACKGROUND

At approximately 7 a.m. on February 20, 1984, the power went out in 20-year-old Angela Crum's apartment.  When she went to the basement in an apparent attempt to check the fuse box, she was stabbed twice in the heart.  Crum died shortly thereafter.

Richardson, who lived in Crum's apartment building, was arrested on the evening of the murder and was taken to Area 2 headquarters, where he was questioned by detectives.  At 8:20 a.m. on February 21, 1984, Richardson gave an incriminating statement before a court reporter in the presence of an assistant State's Attorney and Chicago police detective Robert Dwyer.  According to the statement, Richardson went to the basement at 6:50 a.m. with a flashlight and a knife.  He tampered with Crum's fuse box in an attempt to "lure" her to the basement because he "wanted to screw around with her," that is, to have sex with her.  When Crum entered the basement, Richardson "jumped out of the dark" and grabbed her.  Richardson told Crum he did not want to hurt her, he just wanted to "fool around a little."  When Crum resisted, Richardson "made an accident" and stabbed her.

2

No. 1-05-0955

Richardson's statement also detailed how he asked the building's custodian and his neighbor for help, and how he took the knife, a scarf Crum had been wearing, and a flashlight Crum had been carrying, to Bob's apartment. The statement also described how he retrieved an animal-print blanket from his own apartment, wrapped Crum in it, and attempted without success to carry Crum out of the basement.

Prior to trial, Richardson sought to suppress his statement. Richardson testified at the hearing that the investigating detectives repeatedly punched him in the stomach, handcuffed him to a ring in the wall of an interview room, and kept a plastic bag over his head until he lost consciousness. Richardson, however, denied ever making a statement admitting to Crum's murder. The trial court denied Richardson's motion, accepting the testimony from the investigating officers, including Detectives Dwyer and Grunhard, that no abuse occurred.

At trial, the State advanced the theory that Richardson tampered with the electricity to Crum's apartment in order to lure her to the basement, where he was waiting with a knife to rape her. When Crum resisted, Richardson killed her. The State presented Richardson's statement and corroborative incriminating evidence, including eyewitness testimony from the building's custodian and testimony from a neighbor who identified the

3

No. 1-05-0955

blanket in which Crum's body was found as belonging to Richardson. The defense conceded Richardson stabbed Crum, but argued the evidence would show the stabbing was an accident.

After a bench trial, the trial court found Richardson guilty of three counts of murder, attempted rape, and unlawful restraint. The court sentenced Richardson to an 80-year extended-term sentence based on the court's finding that the murder was exceptionally brutal and heinous, and to concurrent 15-year and 3-year sentences for the attempted rape and unlawful restraint convictions.

On direct appeal, Richardson argued the trial court erred in imposing an 80-year extended-term sentence because the offenses were not accompanied by exceptionally brutal conduct, and two of his three murder convictions must be vacated. This court vacated two of the murder convictions and affirmed Richardson's felony murder conviction and remaining convictions and sentences. People v. Richardson, No. 1-85-1409 (1987) (unpublished order pursuant to Supreme Court Rule 23).

On January 6, 1992, Richardson filed a pro se postconviction petition in which he alleged (1) his trial counsel was ineffective for pursuing the defense theory that Crum's death was accidental and for failing to object when not all witnesses material to Richardson's motion to suppress statements were

4

No. 1-05-0955

called to testify, and (2) the trial court erred in finding his warrantless arrest was supported by probable cause. In making his material-witness contention, Richardson included an allegation that his confession had been physically coerced. In his petition, Richardson also alleged appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness. The trial court summarily dismissed the petition. This court subsequently allowed appellate counsel's motion to withdraw from the case pursuant to Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), and affirmed the dismissal. People v. Richardson, 1-92-0830 (1993) (unpublished order pursuant to Supreme Court Rule 23).

On January 16, 2003, Richardson filed a successive postconviction petition[1] in which he argued his 80-year extended-term sentence violated the rule of Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The trial court appointed counsel to represent Richardson. Appointed counsel filed an amended petition on June 16, 2004, in which she

_____

[1] The petition's heading indicated it was filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)). As in People v. Suarez, 224 Ill. 2d 37, 41, 862 N.E.2d 977 (2007), the trial court treated the petition as a postconviction petition.

5

No. 1-05-0955

argued Richardson's sentence violated Apprendi for reasons unaddressed by the supreme court in People v. De La Paz, 204 Ill. 2d 426, 791 N.E.2d 489 (2003), which held that Apprendi did not apply retroactively to cases on collateral review. Appointed counsel filed a certificate pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) on September 23, 2004, in which she stated (1) she consulted with Richardson by letters, (2) she obtained and examined the report of proceedings of Richardson's trial, and (3) she prepared a supplemental petition for postconviction relief "augmenting [Richardson's] previously filed Petition for Post Conviction Relief." Appointed counsel also stated in the certificate that the supplemental petition "adequately complements [Richardson's] claims of deprivation of his constitutional rights."

The trial court subsequently granted the State's motion to dismiss Richardson's petition. This appeal followed.

ANALYSIS

Richardson contends the record fails to affirmatively show appointed postconviction counsel satisfied her duties under Supreme Court Rule 651(c) where she failed to amend Richardson's pro se petition to include two claims: (1) his due process rights were violated when he was brutalized by detectives at Area 2; and (2) his appellate counsel was ineffective for failing to

6

No. 1-05-0955

challenge his conviction of attempted rape as a lesser included offense of murder and his conviction of unlawful restraint as a lesser included offense of attempted rape.

In noncapital criminal cases, the Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 2004)) establishes a three-step procedure for a defendant to challenge a conviction based on a substantial denial of constitutional rights. People v. Pendleton, 223 Ill. 2d 458, 471, 861 N.E.2d 999 (2006). If the circuit court determines a pro se petition states the gist of a constitutional claim, the petition moves to the second stage, where counsel may be appointed if the petitioner so requests and is indigent. 725 ILCS 5/122-2.1(b) (West 2004); 725 ILCS 5/122-4 (West 2004); People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102 (1996). At the second stage, if a substantial showing of a constitutional violation is made, a third-stage evidentiary hearing is ordered. 725 ILCS 5/122-6 (West 2004). Dismissal of a postconviction petition without an evidentiary hearing is reviewed de novo. People v. Coleman, 183 Ill. 2d 366, 389, 701 N.E.2d 1063 (1998).

Regarding the appointment of counsel at the second stage of proceedings, our supreme court has explained:

"There is no constitutional right to the assistance of counsel in postconviction

7

proceedings; the right to counsel is wholly statutory (see 725 ILCS 5/122-4 (West 2000)), and petitioners are only entitled to the level of assistance provided for by the Post-Conviction Hearing Act (Act) [citations]. The Act provides for a reasonable level of assistance. [Citation.]  To ensure that postconviction petitioners receive this level of assistance, Rule 651(c) imposes specific duties on postconviction counsel." People v. Suarez, 224 Ill. 2d 37, 42, 862 N.E.2d 977 (2007).

In his rehearing petition, Richardson argues "[h]ad post-conviction counsel satisfied her duties under Rule 651(c), she would have presented newly available evidence to support Mr. Richardson's consistent claim that his confession was coerced by Area 2 detectives acting under Jon Burge, including Detective Robert Dwyer *** and argued that his appellate counsel failed to contest his improper lesser-included sentences."  Richardson points to new evidence demonstrating instances of police torture at Area 2 headquarters and points out he was improperly convicted of lesser included offenses, including the underlying felony of felony murder.  See People v. Johnson, 223 Ill. App. 3d 169, 170,

No. 1-05-0955

584 N.E.2d 515 (1991) (improper to convict on felony murder and underlying felony); People v. Davis, 156 Ill. 2d 149, 160, 619 N.E.2 d 750 (1993) (only supreme court has authority to vacate voidable lesser offenses "in exercise of [its] supervisory authority").

We agree with Richardson that the resolution of this case turns on counsel's "duties under Rule 651(c)." Rule 651(c) imposes on counsel the duties that she have

> "consulted with petitioner either by mail or
> in person to ascertain his contentions of
> deprivation of constitutional rights, has
> examined the record of the proceedings at the
> trial, and made any amendments to the
> petitions filed pro se that are necessary for
> an adequate presentation of petitioner's
> contentions." 134 Ill. 2d R. 651(c).

Rule 651(c) provides that a showing of such compliance with the enumerated duties be made in the record filed with the circuit court or by "certificate of petitioner's attorney," confirming she has consulted, examined and amended as required by the rule. "[T]he purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." People v. Perkins, No. 103693, slip op. at

9

No. 1-05-0955

7 (November 29, 2007). Richardson contends counsel's certificate is "incomplete and therefore insufficient to create a presumption of compliance with Rule 651(c)." According to Richardson, "[p]ost-conviction counsel simply certified that she 'consulted with the petitioner by letters,' " but did not certify that she "consulted with [Richardson] in order 'to ascertain his contentions of deprivation of constitutional right,' " as required by Rule 651(c). Richardson also argues that although postconviction counsel certified she prepared a supplemental petition that "adequately complements petitioner's claims of deprivation of his constitutional rights," she did not certify she made "any amendments *** necessary for an adequate presentation" of Richardson's claims, as required by Rule 651(c).

In effect, Richardson argues that had his counsel below adequately reviewed the record, she would have discovered his "consistent claim" of being brutalized based on the suppression hearing challenging the investigating detectives' claim that he confessed to the murder, and his improper convictions of lesser included offenses. Thus, in satisfying her duty to "amend" under Rule 651(c), counsel would have added the brutality and improper convictions claims to his pro se petition.

We examine our case law to determine whether there is any authority for the legal obligation Richardson seeks to impose on

10

postconviction counsel below.

The Post-Conviction Hearing Act recognizes that "most postconviction petitions [are] filed by pro se prisoners who lack[] the assistance of counsel in framing their petitions." Suarez, 224 Ill. 2d at 46.  Appointment of counsel is provided for those that satisfy the "gist" requirement "to ensure that the complaints of a prisoner are adequately presented."  Suarez, 224 Ill. 2d at 46.

The pronouncements of the supreme court have made clear, however, it is the "complaints of a prisoner" that frame counsel's duties under Rule 651(c).  As recently reaffirmed by our supreme court, " '[p]ost-conviction counsel is only required to investigate and properly present the petitioner's claims.' " (Emphasis in original.)  Pendleton, 223 Ill. 2d at 475, quoting Davis, 156 Ill. 2d at 164.  "While postconviction counsel may conduct a broader examination of the record [than the issues raised in the pro se petition might require] (Davis, 156 Ill. 2d at 164), and may raise additional issues if he or she so chooses, there is no obligation to do so."  (Emphasis in original.) Pendleton, 223 Ill. 2d at 476.  In the circumstance where no certificate was filed, our supreme court stated much the same. "'The statute cannot perform its function unless the attorney appointed to represent an indigent petitioner ascertains the

11

No. 1-05-0955

<u>basis of his complaints</u>, shapes those complaints into appropriate legal form and presents them to the court.'" (Emphasis added.) <u>Suarez</u>, 224 Ill. 2d at 46, quoting <u>People v. Slaughter</u>, 39 Ill. 2d 278, 285, 235 N.E.2d 566 (1968).

Richardson contends the supreme court's language in <u>Pendleton</u> and <u>Suarez</u> does not dictate the outcome here because our analysis must focus on the inadequacy of the certificate of compliance filed by postconviction counsel.

In support of his contention that the certificate here fell short, Richardson relies most heavily on <u>People v. Bashaw</u>, 361 Ill. App. 3d 963, 838 N.E.2d 972 (2005). In <u>Bashaw</u>, a decision from the Second District, appointed postconviction counsel's Rule 651(c) certificate stated:

>      " '2. *** I have consulted by mail with
>      [defendant] concerning the allegations in
>      this post-conviction petition.
>
>      3. *** I have examined the record of
>      proceedings <u>on appeal</u> as to the issues being
>      raised by the defendant.
>
>      4. *** the [<u>sic</u>] <u>petitioner has</u>
>      <u>indicated that he wishes to rely on his</u>
>      <u>original post conviction petition</u>.' "
>      (Emphasis in original.) <u>Bashaw</u>, 361 Ill.

12

App. 3d at 967.

The reviewing court concluded appointed counsel's certificate fell short in two ways. First, counsel failed to certify she reviewed the record of the proceedings at trial, as opposed to on appeal. Second, counsel failed to certify she "made 'any amendments to the petitions filed pro se that are necessary for an adequate presentation of petitioner's contentions.' " Bashaw, 361 Ill. App. 3d at 969, quoting 134 Ill. 2d R. 651(c). The court found counsel's deference to the defendant's decision to " 'rely on his original postconviction petition' " was not an "appropriate substitute" for counsel's duty to make any necessary amendments to the pro se petition " 'for an adequate presentation of petitioner's contentions.' [Citation.]" Bashaw, 361 Ill. App. 3d at 969. Further, the court concluded the record of the postconviction proceedings "cast serious doubt" on the notion that appointed postconviction counsel reviewed the trial proceedings. Bashaw, 361 Ill. App. 3d at 968. Consequently, the court reversed the dismissal of the defendant's petition and remanded for Rule 651(c) compliance. Bashaw, 361 Ill. App. 3d at 970.

We read Bashaw to hold that either of the two shortfalls regarding the certificate would suffice to warrant reversal based on noncompliance with Rule 651(c). While we may differ with the

13

<u>Bashaw</u> court as to its reading of the certificate there as falling short of a showing "that counsel had in fact reviewed the trial proceedings" because of postconviction counsel's "remarks during the proceedings below." <u>Bashaw</u>, 361 Ill. App. 3d at 967-68. We do not disagree that postconviction counsel improperly acceded to the petitioner's "wishes to rely on his original postconviction petition." Such deference violates the spirit of the Act and our supreme court's admonishment in <u>Suarez</u>, 224 Ill. 2d at 46, quoting <u>People v. Slaughter</u>, 39 Ill. 2d at 285, " 'The statute cannot perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court.' " Consistent with <u>Bashaw</u>, we examine the record here to determine whether postconviction counsel complied with her Rule 651(c) duties to ascertain the basis of Richardson's complaints, shape those complaints into legal form and present them to the circuit court.

There is no dispute that even a most liberal reading of the complaints in Richardson's instant <u>pro se</u> petition does not make out a claim other than one based on <u>Apprendi</u>. There is also no question that the defendant's first <u>pro se</u> petition, filed in 1992, set out "allegations that he was brutalized" by an arresting detective. But Richardson did not reassert that

14

allegation in his successive _pro se_ petition at issue in this case. Nor does Richardson contend otherwise. Rather, his contention boils down to the state of the record that, also without question, supports the two claims Richardson contends should have been amended to his _pro se_ petition.

In our original Rule 23 decision we affirmed based on the authority of _Pendleton_. In his petition for rehearing, Richardson contends our reliance on _Pendleton_ was mistaken. "_Pendleton_ did not involve post-conviction counsel's failure to satisfy Rule 651(c)'s consultation requirement or to review the trial record, but addressed only post-conviction counsel's failure to raise a claim that was not included in the _pro se_ petition." We must reject Richardson's attempt to limit the supreme court's explicit language in _Pendleton_ regarding the specific duties required under Rule 651(c). "Rule 651(c) only requires postconviction counsel to examine as much of the record 'as is necessary to adequately present and support those constitutional claims raised by the petitioner.' " (Emphasis added.) _Pendleton_, 223 Ill. 2d at 475, quoting _People v. Davis_, 156 Ill. 2d at 164, 619 N.E.2d 750 (2005). While postconviction counsel below was free to reassert claims Richardson contends she should have added, albeit on the hope that the State would not raise a _res judicata_ defense as the claims were previously

15

No. 1-05-0955

rejected by this court, we are compelled to conclude postconviction counsel was under "no obligation to do so." Pendleton, 223 Ill. 2d at 476.

We also find no support for Richardson's contrary reading of Pendleton in Suarez, where the court once again discussed counsel's duties under Rule 651(c). In Suarez, the court made clear that when no Rule 651(c) certificate of compliance is filed, a clear and affirmative showing of compliance on the record must be present. As the supreme court observed, the vindication of constitutional rights of prisoners depends heavily on the involvement of counsel. Suarez, 224 Ill. 2d at 46, citing People v. Jones, 43 Ill. 2d 160, 251 N.E.2d 218 (1969) (failure to consult is a failure to discharge an elementary responsibility of representation), and People v. Garrison, 43 Ill. 2d 121, 251 N.E.2d 200 (1969) (failure to confer does not meet even a minimal professional standard). Compliance with the specific duties of Rule 651(c) cannot turn on the merit of the claims contained in the pro se petition, itself, because counsel is duty-bound to examine the "complaints" or allegations in the pro se petition for a gist of a constitutional deprivation that may go beyond the express claims that the petitioner raises. While an Apprendi-type complaint may be expressly contained in a pro se petition, as it apparently was in Suarez, the professional responsibility

16

of postconviction counsel is to determine whether the petitioner complains of other constitutional violations as well.  Finally, the Suarez court observed "fundamental fairness may require the review of waived issues."  Suarez, 224 Ill. 2d at 47.

Richardson's postconviction counsel's certificate states:

"1. I have consulted with petitioner by letters.

2. I have obtained and examined the Report of Proceedings of the trial *** which trial was heard by the Honorable Judge William Cousins.

3. I have prepared a Supplemental Petition for Post Conviction Relief augmenting Petitioner's previously filed Petition for Post Conviction Relief and state that said supplemental petition adequately complements petitioner's claims of deprivation of his constitutional rights."

We find counsel substantially complied with her specific duties under Rule 651(c), even against the alleged shortcomings of the certificate as pointed out by Richardson.  First, counsel plainly asserted she "examined the Report of Proceedings of the trial."  Second, it is reasonable to infer that counsel consulted

17

No. 1-05-0955

"with petitioner by letters" regarding her second-stage appointment "to ascertain his contentions" of constitutional deprivation set out in his pro se petition as required by Rule 651(c).  Finally, counsel asserted she "prepared a Supplemental Petition for Post Conviction Relief" that "adequately complement[ed]" Richardson's claims of constitutional deprivation, which we conclude was in substantial compliance with her duty to make "any amendments *** necessary for an adequate presentation of [the defendant's] contentions," as required by Rule 651(c) (134 Ill. 2d R. 651(c)).

We conclude that in this case, unlike in Bashaw, counsel exercised her professional judgment in her representation of Richardson and did not improperly defer to the defendant's wishes.  We note that were we to find counsel's certificate in this case insufficient to pass muster under Rule 651(c), we would be hard-pressed to conceive of a certificate that would demonstrate counsel's compliance, short of one that exactly mirrors the language of the rule.  However, our supreme court has never required strict compliance with Rule 651(c).  Rather, substantial compliance has been found sufficient.  People v. Wright, 149 Ill. 2d 36, 63, 594 N.E.2d 276 (1992) (finding postconviction counsel "substantially complied with the mandate of Rule 651(c)").

18

No. 1-05-0955

Should Richardson contend fundamental fairness, as the Suarez court observed, requires review of the two claims he did not himself present in this successive pro se petition, he is free to file a second successive petition. In such a third petition Richardson, of course, would be subject to the "cause and prejudice" showing. See Pendleton, 223 Ill. 2d at 476. But we note he would be subject to such a showing in this case as well if we were to remand to the circuit court. We must decline to provide him that opportunity in the instant appeal based on our concern that a finding of inadequacy of counsel's certificate would expand the specific duties under Rule 651(c) imposed on postconviction counsel beyond that which our supreme court has recognized. See Pendleton, 223 Ill. 2d at 475-76.

Ultimately, however, our holding does not depend exclusively upon the adequacy of the certificate filed by postconviction counsel. While we have determined postconviction counsel substantially complied with her specific duties under Rule 651(c), we also hold the duty to amend under Rule 651(c) is limited by " 'the constitutional claims raised by the petitioner.' [Citation.]" Pendleton, 223 Ill. 2d at 475. In the face of two explicit claims that Richardson contends should have been added to his pro se petition, we look to the allegations in the instant pro se petition under our de novo review to determine

19

whether there exists a "gist" of such constitutional claims.  See People v. Delton, 227 Ill. 2d 247 (2008).  As we have already stated, a gist of each such constitutional claim is not present.

Richardson's position that postconviction counsel was nonetheless required to "amend" his pro se petition to add such claims transforms the petitioner's burden of complaining of a constitutional deprivation to a burden on counsel to scour the record for such complaints; in effect, transforming what the supreme court has explicitly stated is a matter of counsel's judgment into a legal obligation.  Richardson argues that because the record demonstrates constitutional violations as borne out by the allegation in his 1992 pro se petition regarding possible police brutality by officers otherwise linked to allegations of police torture and his plainly improper sentence imposed on the underlying felony of felony murder, appointed postconviction counsel was required to amend the pro se petition to add these claims.  We find no authority for this position.  See People v. Rials, 345 Ill. App. 3d 636, 643, 802 N.E.2d 1240 (2003) (counsel "need not scour the record to ascertain any other potential errors and constitutional issues not implicated in the defendant's pro se petition" (emphasis added)).

We also reject Richardson's fall-back argument that the presumption of compliance based on the filing of a certificate is

20

No. 1-05-0955

overcome here. Once again, under our <u>de novo</u> review, where there is no "gist" in his successive <u>pro se</u> petition of the constitutional claims Richardson now contends should have been added, Rule 651(c) places no legal duty on postconviction counsel to add those claims to his successive <u>pro se</u> petition for postconviction relief.

Following <u>Pendleton</u>, we find claims otherwise not supported by allegations in his <u>pro se</u> petition and the supplemental petition filed by postconviction counsel waived. Nor can support in the record for the omitted claims serve to shore up his claim that postconviction counsel's Rule 651(c) certificate was deficient. The circuit court did not err in granting the State's motion to dismiss.

CONCLUSION

Postconviction counsel substantially complied with the specific duties required by Rule 651(c). Postconviction counsel's duty to amend under Rule 651(c) is constrained by the complaints Richardson set out in his successive <u>pro se</u> petition. Postconviction counsel did not provide unreasonable assistance.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAHILL, P.J., and R. GORDON, J., concur.

21

**REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT**

---

**THE PEOPLE OF THE STATE OF ILLINOIS,**
Respondent-Appellee,

v.

**ANTHONY RICHARDSON,**
Petitioner-Appellant.

---

**No. 1-05-0955**

**Appellate Court of Illinois**
**First District, First Division**

**Filed: April 21, 2008**

---

**JUSTICE GARCIA delivered the opinion of the court.**

**CAHILL, P.J., and R. GORDON, J., concur.**

---

**Appeal from the Circuit Court of Cook County**
**Honorable Clayton J. Crane, Judge Presiding**

---

| | |
|---|---|
| For PETITIONER - APPELLANT | Michael J. Pelletier, Deputy Defender<br>Erin E. G. McFeron, Assistant Appellate Defender<br>Office of the State Appellate Defender<br>203 North LaSalle Street-24th Floor<br>Chicago, Illinois 60601 |
| For RESPONDENT - APPELLEE | Lisa Madigan, Attorney General of Illinois<br>Gary Feinerman, Solicitor General<br>Leah C. Myers, Assistant Attorney General<br>100 W. Randolph Street, 12th Floor<br>Chicago, Illinois 60601 |