2026 IL App (4th) 250046-U

NO. 4-25-0046

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in
limited circumstances allowed
under Rule 23(e)(1).

FILED
January 8, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| KIANGELO G. MARSHALL, | ) | No. 15CF717 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Lannerd and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed the trial court's dismissal of defendant's second-stage postconviction petition, concluding postconviction counsel substantially complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and thereby did not provide unreasonable assistance.

¶ 2    Defendant, Kiangelo G. Marshall, appeals from the trial court's second-stage dismissal of his postconviction petition. Defendant contends he is entitled to remand for new second-stage proceedings and appointment of new postconviction counsel because he received unreasonable assistance when his counsel violated the mandatory requirements of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Specifically, he argues his postconviction counsel (1) did not speak with him regarding his postconviction claims, (2) erroneously withdrew from the case based on a misinterpretation of case law and failed to fulfill his obligation to reshape the petition to raise a viable proportionate penalties challenge, and (3) failed to add a readily

apparent claim of ineffective assistance of appellate counsel.

¶ 3                                    I. BACKGROUND

¶ 4        The factual background of defendant's case was examined on direct appeal (where the appellate court affirmed defendant's conviction and sentence), and we will only address the facts necessary to the disposition of this appeal. See *People v. Marshall*, 2019 IL App (3d) 170418-U.

¶ 5        Defendant was arrested for a home invasion that resulted in murder, which occurred on or about October 10, 2015. A grand jury returned an eight-count indictment, which included two counts of first degree murder (720 ILCS 5/9-1(a)(3) (West 2014)), three counts of attempted first degree murder (*id.* §§ 8-4, 9-1(a)(1)), and three counts of aggravated battery (*id.* § 12-3.05(e)(1)). Eventually the State and defendant (while represented by counsel) entered into a partially negotiated plea agreement wherein defendant pleaded guilty to one count of first degree murder in exchange for having the other seven counts dismissed. There was no agreement as to sentencing.

¶ 6        At the plea hearing, the State proffered the evidence would establish that defendant and two other males armed with guns forced their way into a home with the intent of robbing the house for cannabis and money. Defendant and the two other males entered the home and began firing shots. The five teenagers in the house attempted to flee. Two fleeing teenagers suffered nonlethal gunshot wounds, while another, who was only 14 years old, suffered a lethal gunshot wound to the head. Defendant initially denied any involvement in the shooting but eventually admitted there was a plan to rob the house. Defendant claimed he was merely the lookout and had nothing to do with the shooting. Other individuals involved with the shooting cooperated with the State and provided statements implicating defendant as the shooter. Because

a handgun was involved, the sentence was enhanced to a range of 35 to 75 years. The trial court admonished defendant as to his right to have either a bench trial or a jury trial. After receiving his admonishments, defendant still desired to plead guilty, and the matter was set for a sentencing hearing.

¶ 7 In March 2017, defendant filed a *pro se* letter seeking to withdraw his guilty plea, claiming his public defender promised him a 25- to 30-year sentence and he felt pressured to plead guilty. The trial court construed the letter as a *pro se* motion to withdraw his guilty plea and held a *Krankel* hearing (see *People v. Krankel*, 102 Ill. 2d 181 (1984)) to address the ineffective assistance of counsel claims. At the hearing, defendant's plea counsel noted he would not be adopting defendant's motion because of the ineffective assistance of counsel claims. Before the sentencing hearing, while still represented by counsel, defendant filed another *pro se* motion, seeking to withdraw his motion to withdraw his guilty plea; he also sought to rescind his allegations against counsel. The court granted the motion.

¶ 8 At the sentencing hearing, the State did not provide any formal evidence in aggravation. However, the victim's mother read a victim impact statement. The defense elected not to present any evidence, but defendant submitted a written statement apologizing for his involvement. Defendant maintained he was not the shooter and asked for the minimum sentence of 35 years. Defendant was sentenced to 65 years' imprisonment. Afterwards, defendant filed a motion to reconsider the sentence, alleging the trial court improperly considered his admission of guilt and acceptance of responsibility to be a denial of responsibility, which in turn led to a harsher sentence. Defendant's plea counsel filed a certificate of compliance pursuant to Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016), affirming he had consulted with defendant listing the specific dates of consultation. Counsel also affirmed he examined the record and made

any necessary amendments to the motion. The court denied defendant's motion.

¶ 9    Defendant filed a notice of direct appeal, only challenging his sentence. See *Marshall*, 2019 IL App (3d) 170418-U, ¶ 2. He contended the trial court erred in finding he lacked remorse and improperly considered the threat of harm he posed. *Id.* ¶ 11. The appellate court affirmed the trial court. *Id.* ¶ 29.

¶ 10    In February 2021, defendant filed a "Motion For leave to File Successive Post-Conviction Petition (As-Applied) Pursuant to 725 ILCS 5/122-1(F)," despite not having filed any previous postconviction petition. In it, he contended the trial court did not consider all the factors required under *Miller v. Alabama*, 567 U.S. 460 (2012). He argued this violated due process, constituted cruel and unusual punishment, and rendered his sentence unconstitutional. In addition, he asserted the court violated the eighth amendment (U.S. Const., amend. VIII) by giving him a *de facto* life sentence without considering his age. The court construed defendant's motion as an initial postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) and appointed postconviction counsel to represent him. The State filed a motion to dismiss the postconviction petition, arguing *Miller* did not apply to this case because defendant was 18 years old at the time of the offense.

¶ 11    Defendant's postconviction counsel moved for leave to withdraw, contending defendant's arguments were frivolous. More specifically, postconviction counsel argued defendant had waived any challenge to his sentence by pleading guilty, citing *People v. Jones*, 2021 IL 126432, and *People v. Aceituno*, 2022 IL App (1st) 172116, for support. In addition, counsel argued defendant could not rely on *Miller* because he was 18 years old at the time of the offense. The trial court granted counsel's motion to withdraw and gave defendant time to respond to the State's motion to dismiss.

¶ 12    Approximately three months after withdrawing from the case, postconviction counsel filed a certificate pursuant to Rule 651(c). Counsel clarified the sequence of events for the trial court. He orally asserted he complied with the requirements of Rule 651(c) and inadvertently failed to file the certificate before withdrawing. The court inquired with defendant if counsel had consulted with him, to which he responded they had discussed certain things. Thereafter, the court granted the State's motion to dismiss.

¶ 13    This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, defendant argues postconviction counsel provided unreasonable assistance by failing to comply with Rule 651(c) when he (1) did not speak with defendant regarding his postconviction claims, (2) withdrew prematurely and failed to supplement or reframe defendant's arguments to present a proportionate penalties claim, and (3) failed to add a "readily apparent" claim of ineffective assistance of appellate counsel. Defendant contends the appropriate relief is to vacate the trial court's finding, remand the case for new second-stage proceedings, and appoint new postconviction counsel. We disagree and affirm.

¶ 16    The Act gives criminal defendants a statutory right to challenge convictions that were a result of a substantial denial of their constitutional rights. *People v. House*, 2021 IL 125124, ¶ 15. Adjudicating claims under the Act is a three-stage process. *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006). At the first stage, the trial court may dismiss a petition if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2024). If it is not dismissed, the petition moves on to the second stage, where the trial court may appoint counsel to represent an indigent defendant and the State may move to dismiss the petition. *Id.* § 122-4. Dismissal at the second stage is only warranted when the allegations, "liberally construed in light

of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Hall*, 217 Ill. 2d 324, 334 (2005). If, however, the defendant does make such a showing, the matter proceeds to a third-stage evidentiary hearing. *House*, 2021 IL 125124, ¶ 17.

¶ 17    "The right to counsel in postconviction proceedings is wholly statutory." *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Therefore, a defendant is entitled only to the level of assistance required by the Act, which is a "reasonable" level of assistance. *People v. Coons*, 2024 IL App (4th) 230552, ¶ 28; *Pendleton*, 223 Ill. 2d at 472; *People v. Greer*, 212 Ill. 2d 192, 204 (2004).

¶ 18    To ensure reasonable assistance, Rule 651(c) requires postconviction counsel to (1) consult with the defendant either by mail or in person to ascertain his constitutional claims, (2) examine the record of the trial court proceedings, and (3) make any amendments to the *pro se* petition necessary to adequately present the defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *Perkins*, 229 Ill. 2d at 42; *People v. Turner*, 187 Ill. 2d 406, 410 (1999). "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney," that he has met these requirements. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). If "postconviction counsel files a Rule 651(c) certificate, a rebuttable presumption of reasonable assistance arises." *People v. Addison*, 2023 IL 127119, ¶ 21.

¶ 19    Dismissal of a postconviction petition, as well as an attorney's compliance with a supreme court rule, is reviewed *de novo*. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 17.

¶ 20    We note defendant takes issue with the timing of postconviction counsel's filing of his Rule 651(c) certificate, in that counsel "prematurely" withdrew from representing respondent and then filed his Rule 651(c) certificate. However, Rule 651(c) requires neither the filing of a certificate, nor does it dictate the time for filing such a certificate. See Ill. S. Ct. R.

651(c) (eff. July 1, 2017); see also *People v. Smith*, 2022 IL 126940, ¶ 32 ("Rule 651(c) itself imposes no timeframe in terms of how soon before the hearing on the State's motion to dismiss the certificate must be filed."). Rather, the rule simply requires the record filed contain proof of compliance. Irrespective of the timing, counsel in this case filed a Rule 651(c) certificate, thereby establishing a rebuttable presumption of compliance.

¶ 21          A. Postconviction Counsel's Requirement to Consult With Defendant

¶ 22          Defendant contends the record rebuts the presumption that postconviction counsel consulted with him regarding his claims. As previously noted, the filing of a Rule 651(c) certificate creates a rebuttable presumption that counsel complied with all the requirements of the rule. *People v. Smith*, 2022 IL 126940, ¶ 29. As such, counsel is presumed to have provided reasonable assistance. *Addison*, 2023 IL 127119, ¶ 21. The onus is then on the defendant to rebut the presumption by demonstrating his or her counsel failed to comply with the rule. *People v. Huff*, 2024 IL 128492, ¶ 23; *Profit,* 2012 IL App (1st) 101307, ¶ 19.

¶ 23          Here, the record reveals counsel filed a Rule 651(c) certificate certifying he made any amendments to the *pro se* petition that were necessary to adequately present defendant's claims, if any, albeit after he withdrew from the case. This filing created the rebuttable presumption counsel spoke with defendant regarding his postconviction claims and provided the reasonable level of assistance guaranteed by the Act. *Profit*, 2012 IL App (1st) 101307, ¶ 19. Moreover, even if counsel had not filed the certificate, the record still discloses substantial compliance with the rule. See *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008) (holding substantial compliance with Rule 651(c) is sufficient). On November 4, 2022, despite having withdrawn, counsel appeared before the court with defendant present. Counsel affirmed he consulted with defendant on several occasions, both by mail and by phone, and asked if the court

could confirm with defendant "that he agrees that [counsel] did all those things*** that [counsel] consulted with him." Defendant responded, stating he and counsel spoke over the phone and defendant brought up case law regarding "newly discovered evidence" to counsel. Defendant claimed because they "never talked about [counsel] sending any paperwork to [defendant]," counsel did not comply with the mandatory requirements under the rule. There is no such requirement under Rule 651(c) that counsel send any paperwork to a defendant. Based on the record before us and the filing of a valid Rule 651(c) certificate, counsel substantially complied with the requirements under the rule and therefore did not provide unreasonable assistance on this front.

¶ 24          B. Postconviction Counsel's Requirement to Properly Ascertain

Defendant's Contentions and Amend His Petition

¶ 25          Defendant contends postconviction counsel failed to properly ascertain his claims under *Miller* and amend his petition accordingly. He argues postconviction counsel erred by determining that defendant's *Miller*-based sentencing challenge was meritless under *Jones* and *Aceituno*. Defendant further claims counsel erred by failing to reframe his *Miller*-based claim into a proportionate penalties challenge.

¶ 26          First, we address defendant's contention that postconviction counsel failed to properly ascertain his claims under *Miller*. Under Rule 651(c), postconviction counsel has a duty to "present a defendant's postconviction claims in the appropriate legal form, and the failure to do so constitutes unreasonable assistance." *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18. However, the rule does not require postconviction counsel to advance frivolous claims on behalf of a defendant. *Greer*, 212 Ill. 2d at 205.

¶ 27          Regardless of postconviction counsel's discussion of *Jones* and *Aceituno* in

support of his argument to withdraw, the final sentence in counsel's request to withdraw underlines the fatal fact in defendant's case, that "[defendant] was of adult age at the time [the] crime was committed and thus cannot claim the protections of *Miller*." Our supreme court has unequivocally determined that *Miller* "only applies to juveniles and does not apply to emerging adults." *People v. Spencer*, 2025 IL 130015, ¶ 32. Counsel's conclusion was correct that any *Miller*-based claims were frivolous because defendant was 18 years old at the time of the offense, and therefore, counsel did not err by withdrawing and choosing not to advance defendant's frivolous *Miller* claim.

¶ 28 Alternatively, defendant contends counsel provided unreasonable assistance by not reframing his *Miller* claim into a proportionate penalties issue because "it permits emerging adults to raise similar challenges based on youth-related sentencing considerations." More specifically, defendant argues postconviction counsel erred in not reshaping his claim into one that argued his "*de facto* life sentence violated the Illinois Constitution's Proportionate Penalties Clause." See Ill. Const. 1970, art. I, § 11.

¶ 29 "The proportionate penalties clause of the Illinois Constitution provides that all penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Internal quotation marks omitted.) *People v. Brooks*, 2022 IL App (3d), 190761, ¶ 11. "[A] defendant of any age can raise a proportionate penalties challenge to a sentence of any length." *People v. Kulpin*, 2025 IL App (2d) 240065, ¶ 22. A defendant may succeed on a proportionate penalties claim if he or she can show the punishment for the offense is "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." (Internal quotation marks omitted.) *People v. Green-Hosey*, 2025 IL App (2d) 240284, ¶ 57. There is no exact specification as to

what type of punishment meets this standard because society's concept of decency and fairness evolves over time. *People v. Hilliard*, 2023 IL 128186, ¶ 20.

¶ 30 "Our supreme court has recognized the potential viability of an emerging adult raising a proportionate penalties claim based on the concerns articulated in *Miller*." *Green-Hosey*, 2025 IL App (2d) 240284, ¶ 58. To succeed on such a claim, a defendant must show that his or her own individual characteristics were "so like those of a juvenile that receipt of a life sentence without the *Miller* safeguards was cruel, degrading, or so wholly disproportionate to the offense that it shocks the moral sense of the community." *Id.* This type of claim would also require a young adult offender to show that (1) at the time of the offense, his or her characteristics related to youth, maturity, and brain development placed him or her in the same category as the juvenile offenders described in *Miller* and (2) his or her sentencing was not compliant with *Miller* safeguards, in that a life sentence was imposed without recognition of an offender's youth and the characteristics that come with it. *People v. Cortez*, 2021 IL App (4th) 190158, ¶ 47.

¶ 31 Defendant has not shown how postconviction counsel provided unreasonable assistance by failing to develop arguments that his sentence violated the proportionate penalties clause. Defendant was involved in a gun-related crime that led to the death of a 14-year-old and injured two other juveniles. Defendant never took responsibility for the murder of the 14-year-old, and counsel did not argue any factors in mitigation, nor did the trial court find any. The court noted it looked for aspects of defendant's history and character that might show the possibility of rehabilitation. However, the court found none. In addition to the presentence investigation report (PSI), the court considered the arguments of counsel and the statutory factors in aggravation and mitigation. Because defendant was an adult when he committed the crime, the

court had discretion in sentencing and sentenced him within the applicable sentencing range. Thus, the record does not support any argument that defendant's sentence was cruel, degrading, or so wholly disproportionate to the offense he committed, and therefore, counsel did not provide unreasonable assistance by choosing not to advance defendant's frivolous argument.

¶ 32       In addition, defendant would be unable to meet the requirements of an "emerging adult" proportionate penalties claim. He is unable to show that by characteristics related to youth, maturity, and brain development, he was in the same category as the juvenile offenders described in *Miller* or that his sentencing was not compliant with *Miller* safeguards. Defense counsel raised, and the trial court considered, defendant's age and the length of the sentence in relation to such. Defendant claims he was diagnosed with several mental health disorders, which were also reflected in the PSI; however, he does not enumerate how those diagnoses specifically affected his brain or behaviors in a way that would liken him to a juvenile. In addition, the record reveals defendant's 22-page disciplinary report from his time in high school and his disciplinary problems related to his time incarcerated at the Peoria County jail, which included defendant telling another inmate "to fight him as he wasn't scared to catch another murder case." Defendant has failed to show how any of his claims make him more like a juvenile. Instead, the record exposes a pattern of misbehavior by an individual that recognized the implications and consequences of his actions but chose to continue to engage in those behaviors. As such, postconviction counsel was not required to pursue a frivolous argument when the record rebuts the chances of any such argument being successful.

¶ 33       C. Failure to Raise Defendant's Ineffective Assistance of Counsel Claim

¶ 34       Finally, defendant argues postconviction counsel provided unreasonable assistance for failing to add a "readily apparent" claim that appellate counsel was ineffective.

More specifically, defendant contends appellate counsel was ineffective for neglecting to argue plea counsel failed to adhere to Rule 604(d).

¶ 35         Here, plea counsel represented defendant during his guilty plea, sentencing, and postsentencing motions. While still represented by plea counsel, defendant filed a *pro se* letter to withdraw his guilty plea. The trial court construed defendant's letter as a *pro se* motion to withdraw his guilty plea. The court scheduled a hearing, intending to hear the merits of defendant's motion and hold a *Krankel* hearing to address any claims of ineffective assistance. At the hearing, plea counsel chose not to adopt defendant's motion because it alleged ineffective assistance against him. Before proceeding with the *Krankel* hearing, defendant changed his mind and decided to withdraw his motion to withdraw his guilty plea, along with any allegations of ineffective assistance against plea counsel. Defendant now argues because he was not represented by "conflict-free" counsel, his proceedings did not comply with Rule 604(d), despite conceding counsel filed a valid Rule 604(d) certificate. Essentially, defendant contends his appellate counsel should have recognized this rule violation and argues it was unreasonable for postconviction counsel not to amend the postconviction petition to allege appellate counsel's ineffectiveness for neglecting to argue plea counsel's ineffectiveness for failing to comply with Rule 604(d).

¶ 36         However, defendant cannot make a substantial showing postconviction counsel was unreasonable for not amending the petition to reflect these claims. The underlying facts reveal defendant, of his own accord, withdrew his motion to withdraw his guilty plea and rescinded any allegations of ineffective assistance against his plea counsel. When defendant withdrew his claims, any conflict was eliminated. Because there was no conflict of interest, appellate counsel had no obligation to advance any such argument on direct appeal because it

would have been frivolous. It bears repeating that postconviction counsel is not required to advance frivolous or spurious claims. *Greer*, 212 Ill. 2d at 205. Thus, postconviction counsel did not provide unreasonable assistance by choosing not to bring forth another frivolous claim.

¶ 37                                    III. CONCLUSION

¶ 38           For the reasons stated, we affirm the trial court's judgment.

¶ 39           Affirmed.