NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250215-U

NO. 4-25-0215

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 27, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| LEILA JACKSON, | ) | No. 18CF735 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, holding that postconviction counsel's certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) substantially complied with the rule and the record did not rebut the presumption of compliance.

¶ 2    Defendant, Leila Jackson, appeals the dismissal of her postconviction petition at the second stage of postconviction proceedings. Defendant argues that the trial court's order dismissing the petition must be reversed and the matter remanded for new second-stage proceedings because postconviction counsel's certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) failed to substantially comply with the rule and the record does not affirmatively demonstrate counsel's compliance. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In 2018, defendant was charged with four counts of first degree murder (720

ILCS 5/9-1(a)(1), (a)(2) (West 2018)) for causing the death of Quantez Brown. At a jury trial, defendant presented the defense of self-defense. During the trial, outside the presence of the jury, defense counsel advised the trial court that he had "discuss[ed] the issue of lesser included offenses" with defendant on several occasions. Counsel stated: "[W]e've had extensive conversations about the consequences, the options, very extensive, and she has chosen how we are proceeding *** without the lesser included." The court asked defendant if she understood "what options were available to [her]" and if she agreed with her attorney's representations. She indicated she understood.

¶ 5        The next day, the trial court stated that it wanted to clarify that, ordinarily, only a defendant can make a decision relating to a lesser-included offense instruction, but second degree murder is not a lesser-included offense of first degree murder. The court stated that the decision to request a second degree murder instruction belongs to the attorney rather than the defendant. Defense counsel advised the court that he had had ongoing discussions with defendant for months regarding "how lesser included second-degree murder instructions work." Counsel stated it was defendant's wish that there be no second degree murder instruction, and he also believed that was a proper trial strategy. Counsel asserted: "And it is also my decision being made, not just hers, that not including other instructions is appropriate trial strategy." Counsel agreed with the court that he was pursuing an "all-or-nothing" defense. The court then asked defendant if she had been informed of and did not object to counsel's decision, even though it was "his decision to make." Defendant stated: "Yes, I understand."

¶ 6        The parties then gave their closing arguments, and the jury found defendant guilty of first degree murder. The trial court sentenced her to 23 years' imprisonment. Defendant appealed, and we affirmed her conviction. *People v. Jackson*, 2022 IL App (4th) 200625-U,

¶ 118.

¶ 7        On January 9, 2023, defendant, *pro se*, filed a postconviction petition raising six claims. Relevant here, one of the claims was that defendant's trial counsel was ineffective for failing to properly advise her that she had the right to "have a lesser included charge of Second Degree Murder as a defense." She stated she did not "fully understand her right to raise a defense, versus counsel['s] decision to move for a personal strategy." Defendant asserted:

> "Had the defendant [been] made aware she retained her right to include a lesser charge for defense to present for jurors to deliberate her innocence or guilt, she would have elicited [*sic*] for Second Degree Murder. An 'all or nothing' defense in a domestic dispute almost surely gives jurors doubt to the innocence of a person only seeking an acquittal or being held accountable and this counsel for the defendant chose his strategy over her right to be informed."

¶ 8        In a separate claim, defendant also asserted that her trial counsel was ineffective for failing to investigate "the evidence of domestic violence in this case" and her mental illness.

¶ 9        The trial court did not rule on the *pro se* postconviction petition within 90 days, and it was advanced to the second stage of postconviction proceedings, at which time counsel was appointed to represent defendant.

¶ 10        On October 22, 2024, postconviction counsel filed an amended postconviction petition, which included a claim that defendant's trial counsel provided ineffective assistance by failing to request a second degree murder instruction based on imperfect self-defense. The petition alleged that the trial evidence showed that defendant believed she was in danger during her altercation with the victim and "might have acted out of fear, even if that fear was unreasonable." The petition alleged that failing to offer a second degree murder instruction "left

[the jury] with a binary choice—convict of first-degree murder or acquit—neither of which accurately reflected the evidence." The petition noted that self-defense was a defense to both first degree murder and second degree murder, and it argued that trial counsel's decision not to offer a second degree murder instruction was "attributable to his misapprehension of the law and not to tactics or strategy." The petition further alleged defendant was prejudiced because a reasonable probability exists that she would have been convicted of second degree murder if trial counsel had requested such an instruction.

¶ 11    The amended postconviction petition also contained claims that trial counsel was ineffective for improperly delegating the decision of whether to request a second degree murder instruction to defendant and appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claims stated in the amended petition.

¶ 12    Postconviction counsel also filed a certificate of compliance pursuant to Rule 651(c), which stated:

> "NOW comes Jeff Brown, Attorney for Petitioner herein, who pursuant to Illinois Supreme Court Rule 651(c), certifies that:
>
> 1) Undersigned counsel has consulted with the Petitioner, either by phone, mail, or electronic means, or in person, to ascertain Petitioner's assertions of deprivation of Constitutional rights and has examined the proceedings at trial and sentencing;
>
> 2) Undersigned counsel has made amendments to the *pro se* petition necessary for adequate presentation of petitioner's proceedings."

¶ 13    The State filed a motion to dismiss the amended postconviction petition, arguing that it failed to make a substantial showing of a constitutional violation.

¶ 14 On February 13, 2025, the trial court granted the State's motion to dismiss. This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16 On appeal, defendant argues that the matter must be reversed and remanded for new second-stage proceedings because postconviction counsel's certificate of compliance with Rule 651(c) failed to substantially comply with the rule and the record does not affirmatively demonstrate that counsel complied with the rule. Rule 651(c) provides, in relevant part:

> "The record *** shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 17 Defendant notes that the Rule 651(c) certificate in this case stated that postconviction counsel had made amendments to the *pro se* petition necessary for an adequate presentation of defendant's "proceedings" rather than her "contentions" (*id.*). Defendant asserts that the words "proceedings" and "contentions" are neither synonymous nor interchangeable, and, accordingly, no inference can be drawn that postconviction counsel meant to state that he had made the amendments necessary to adequately present defendant's contentions.

¶ 18 "The purpose of Rule 651(c) is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court." (Internal quotation marks omitted.) *People v. Landa*, 2020 IL App (1st) 170851, ¶ 45. "Substantial compliance with

the rule is sufficient." *Id.* "Postconviction counsel may create a rebuttable presumption that reasonable assistance was provided by filing a Rule 651 certificate." *People v. Custer*, 2019 IL 123339, ¶ 32. "In the absence of such a certificate, a clear and affirmative showing of compliance on the record must be present." (Internal quotation marks omitted.) *People v. Smith*, 2016 IL App (4th) 140085, ¶ 33. Where an attorney fails to comply with the requirements of Rule 651(c), remand is required regardless of whether the claims raised in the petition had merit. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007).

¶ 19        In *People v. Richardson*, 382 Ill. App. 3d 248, 253 (2008), the defendant argued that postconviction counsel's Rule 651(c) certificate was insufficient to create a presumption of compliance where counsel certified that she consulted with the defendant by mail but failed to also state that she consulted with him to ascertain his contentions of deprivation of constitutional rights. The defendant also noted that the certificate stated counsel had prepared a supplemental petition that "adequately complement[ed] petitioner's claims of deprivation of his constitutional rights," but she failed to certify that she made any amendments necessary for an adequate presentation of his claims. (Internal quotation marks omitted.) *Id.* The defendant argued that if postconviction counsel had adequately reviewed the record, she would have raised additional claims not included in the *pro se* petition. *Id.*

¶ 20        The *Richardson* court held that counsel substantially complied with her duties under Rule 651(c), "even against the alleged shortcomings of the certificate." *Id.* at 257. The court stated it was "reasonable to infer" that counsel consulted with the defendant by mail regarding her appointment to ascertain his contentions of deprivation of constitutional rights. *Id.* The court also found that counsel stating that she prepared a supplemental petition that adequately complemented the defendant's claims was in substantial compliance with her duty to

make amendments to the petition necessary for an adequate presentation of the defendant's claims. *Id.* The court stated: "[W]ere we to find counsel's certificate in this case insufficient to pass muster under Rule 651(c), we would be hard-pressed to conceive of a certificate that would demonstrate counsel's compliance, short of one that exactly mirrors the language of the rule." *Id.*

¶ 21      Similarly, in *People v. Thomas*, 2025 IL App (4th) 240895-U, ¶ 46, the defendant argued that his postconviction counsel's Rule 651(c) certificate was facially insufficient because counsel averred that he made amendments to the *pro se* petition for the " 'adequate preservation' " of the defendant's claims rather than the " 'adequate presentation' " of the claims. The *Thomas* court found this to be a "distinction without a difference" and held that the certificate substantially complied with Rule 651(c). *Id.* ¶¶ 46, 48. The court stated: "Counsel's statement that amendments were made to defendant's *pro se* petition to *preserve* defendant's claims was adequate to infer that counsel was attesting the supplemental petition adequately *presented* defendant's contentions." (Emphases in original.) *Id.* ¶ 47.

¶ 22      In the instant case, we similarly find that the Rule 651(c) certificate filed by postconviction counsel substantially complied with the rule, despite its failure to track the exact language of the rule. While the certificate stated that counsel had made the amendments to the *pro se* petition necessary to adequately present defendant's "proceedings" rather than her "contentions" (see Ill. S. Ct. R. 651(c) (eff. July 1, 2017)), it also stated counsel had conferred with defendant "to ascertain [her] assertions of deprivation of Constitutional rights" and stated the certification was made pursuant to Rule 651(c). Thus, it is reasonable to infer that counsel was certifying that he made amendments to the petition necessary to adequately present the *pro se* claims that defendant had raised in the postconviction proceedings. While defendant is correct that the words "proceedings" and "contentions" are not synonymous, we note that the

Rule 651(c) certificates filed in *Richardson* and *Thomas* contained wording that was not synonymous with the language of Rule 651(c) and were nevertheless found to be substantially compliant.

¶ 23    Defendant next argues that the record does not affirmatively demonstrate that postconviction counsel complied with Rule 651(c). Specifically, defendant contends that counsel failed to adequately present her claim that trial counsel was ineffective for failing to request a second degree murder instruction because postconviction counsel failed to include allegations concerning defendant's past trauma and mental illness in support of the claim. Defendant argues that the amended petition would have made a substantial showing of a constitutional violation if these allegations had been included.

¶ 24    As we have found that postconviction counsel's Rule 651(c) certificate substantially complied with the rule, the certificate creates a rebuttable presumption of compliance. See *Custer*, 2019 IL 123339, ¶ 32. Therefore, we need not consider defendant's argument that the record does not otherwise affirmatively demonstrate compliance. See *Smith*, 2016 IL App (4th) 140085, ¶ 33.

¶ 25    However, to the extent defendant is arguing that the presumption of compliance with Rule 651(c) is rebutted by postconviction counsel's failure to include allegations concerning her past trauma and mental illness in support of the claim that trial counsel was ineffective for failing to request a second degree murder instruction, we reject defendant's argument. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 10. "To establish deficient performance, the defendant must show his attorney's performance fell below an objective standard of reasonableness." *Id.*

"Errors in trial strategy do not constitute ineffective assistance unless counsel entirely fails to conduct any meaningful adversarial testing." (Internal quotation marks omitted.) *Custer*, 2019 IL 123339, ¶ 39.

¶ 26 Here, the amended postconviction petition alleged that trial counsel's decision not to request an instruction for second degree murder based on imperfect self-defense fell below an objective standard of reasonableness, and defendant was prejudiced because a reasonable probability exists that she would have been convicted of second degree murder if trial counsel had requested such an instruction. The amended petition also alleged that the trial evidence supported a request for a second degree murder instruction, as it showed that defendant believed she was in danger during her altercation with the victim and acted out of fear, even if this fear was unreasonable.

¶ 27 While additional allegations concerning defendant's past mental illness and trauma may have bolstered her claim that she subjectively believed she was in danger during her altercation with the victim, such factual details were not necessary for an adequate presentation of her ineffective assistance of counsel claim, and postconviction counsel's failure to include such details does not demonstrate a failure to comply with Rule 651(c). Moreover, contrary to defendant's argument on appeal, merely alleging that there was additional evidence supporting a theory of imperfect self-defense would not have made the requisite substantial showing that trial counsel rendered ineffective assistance by pursuing an "all-or-nothing" strategy instead. See *People v. Dobbs*, 353 Ill. App. 3d 817, 827 (2004) ("Neither mistakes in strategy nor the fact that another attorney with the benefit of hindsight would have proceeded differently is sufficient to establish ineffective assistance of counsel.").

¶ 28 III. CONCLUSION

¶ 29        For the reasons stated, we affirm the trial court's judgment.

¶ 30        Affirmed.